

BRUCE CUTLER, ESQ., PARTNER
TIMOTHY C. PARLATORE, ESQ., PARTNER
NATASHA D. MAROSI, ESQ., ASSOCIATE
260 MADISON AVENUE, 22ND FLOOR
NEW YORK, NEW YORK 10016
TEL 212.679.6669 | FAX 212.202.4787

April 11, 2012

Via: ECF

The Honorable Sandra L. Townes
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re: U.S. v. Levine et al., 11-345(S-3)(SLT)*

Dear Judge Townes:

     I respectfully submit this letter to supplement our previously filed motion to suppress the consensual recordings made by the Government's cooperating witness, Robert Fogliani ("Fogliani"). Listed below are several instances in which the recordings do not appear to be continuous.

1. <u>DX 12:</u>    Fogliani is presumably indoors with Sclafani. At 10:00 the tape cuts off mid-conversation. At 23:55 the tape suddenly picks up with a conversation regarding a couch. From 24:00-24:38 there is shuffling then a snippet of conversation can be heard, then silence again until 25:30, where the tape picks up in the middle of a conversation. Again, at 27:01 the tape picks up in the middle of conversation. At 27:55, the conversation fades then at 28:00 there is loud conversation with a sudden transition of environment without the opening or closing of doors.

2. <u>DX 15:</u>    Fogliani is presumably indoors with Sclafani, when at 31:08 there is a break. At 43:00 the tape abruptly cuts off mid-conversation.

3. <u>DX 17:</u>    Fogliani is presumably in the car. At 23:30, there is a sudden transition from period of silence to acceleration of the vehicle with a distinct clinking noise. At 45:00 there is distinct fumbling and clinking where the background noise abruptly changes from an outside environment with birds chirping and conversation to strange clanging noises.

4. <u>DX 26:</u>    Fogliani is presumably driving a vehicle. At 32:16 and at 32:55, the car door slams but there is no transition to outside environmental noise. This seems to indicate that Fogliani removed the recording device and left it inside the car while he conducted business outside of the car.

     Based on the foregoing, it is respectfully submitted that the Court should suppress the consensual recordings created by Fogliani, due to the manipulation exercised by the cooperating

witness in the creation of the recordings, or at a minimum, conduct a hearing to determine their admissibility.

Respectfully Submitted,

/s/
Timothy C. Parlatore, Esq.